■ EDWIN MALDONADO, Appellant, v TOWNSEND AVENUE ENTERPRISES, LIMITED PARTNERSHIP, Respondent and Third-Party Plaintiff-Respondent, et al., Defendant. SUPERMAN CONTRACTING CORP., Third-Party Defendant-Respondent. [741 NYS2d 696] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered September 18, 2001, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously modified, on the law, to the extent of granting, upon a search of the record, defendant Townsend's application for summary judgment dismissing plaintiff's Labor Law § 241 (6) claims, and otherwise affirmed, without costs.

While plaintiff has stated a prima facie case for relief under Labor Law § 240 (1) (*see, John v Baharestani*, 281 AD2d 114), we agree with the motion court that the contradictory evidence regarding how plaintiff's accident occurred raises a question of fact as to proximate cause. Accordingly, plaintiff's motion for partial summary judgment on liability was properly denied (*see, Eitner v 119 W. 71st St. Owners Corp.*, 253 AD2d 641). While the statement submitted by Townsend in opposition to the summary judgment motion was unsworn, it is nonetheless admissible to defeat summary judgment (*see, Stankowski v Kim*, 286 AD2d 282, 283). An acceptable excuse for the failure to meet the requirement of tender in admissible form was proffered. The declarant, a part-owner of third-party defendant Superman Contracting, was shown to be unavailable to Townsend and in the control of Superman (*see, Shapiro v Butler*, 273 AD2d 657, 659-660). The declarant is presumably available to testify in accordance with his prior statement (*see, Levbarg v City of New York*, 282 AD2d 239, 241). In addition to the unsworn statement, the papers include a Workers' Compensation C-2 Form that also arguably contradicts plaintiff's version of the facts (*Guzman v L.M.P. Realty Corp.*, 262 AD2d 99; *Koren v Weihs*, 201 AD2d 268, 269).

However, plaintiff's cited violations of the Industrial Code are either insufficiently specific or inapplicable to the instant accident and, upon a search of the record, we dismiss his section 241 (6) claims as a matter of law (*Sherba v Midstate Precast Sys.*, 230 AD2d 944, 946; *see also, Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 111). 12 NYCRR 23-1.5 (a) and (c) (1) which require "reasonable and adequate" protection and that machinery be in "good repair" and "safe" are generic directives that are insufficient as predicates for section 241 (6) liability (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-505; *Hawkins v City of New York*, 275 AD2d 634). Furthermore, 12 NYCRR 23-1.21, which governs ladders, and 12 NYCRR 23-5.2, 23-5.6, 23-5.7, 23-5.13, 23-5.16 and 23-5.17, which govern scaffolds, are inapplicable since the instant matter did not involve the use of ladders or scaffolds (*see generally, Smith v Homart Dev. Co.*, 237 AD2d 77). Similarly, 12 NYCRR 23-1.11, which pertains to "[l]umber and nail fastenings," is likewise inapplicable as is 12 NYCRR 23-1.15, which sets standards for the construction of safety railings (*see, Luckern v Lyonsdale*, 281 AD2d 884, 887; *Avendano v Sazerac, Inc.*, 248 AD2d 340, 341), as well as 12 NYCRR 23-2.6, which pertains to the construction of exterior masonry walls. Concur—Buckley, J.P., Sullivan, Lerner and Friedman, JJ.