■ BRENDAN B. KEAVEY, Respondent-Appellant, v NEW YORK STATE DORMITORY AUTHORITY, Appellant-Respondent. [807 NYS2d 769]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (John P. Lane, J.), entered July 28, 2004 in a personal injury action. The order, insofar as appealed from, denied that part of defendant's motion for summary judgment dismissing the Labor Law § 240 (1) cause of action and granted that part of defendant's motion for summary judgment dismissing the Labor Law § 241 (6) cause of action and granted plaintiff's cross motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by granting the motion in its entirety, dismissing the complaint and denying the cross motion and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries that he sustained while he was employed by a subcontractor as an apprentice roofer to perform construction work on a building owned by defendant. On the date of the accident, plaintiff was covering an eight-foot-high stack of insulation boards with a tarp. Plaintiff was walking backwards on top of the stack of boards and was pulling the tarp when his right foot slipped into a gap between the boards. He fell into the gap up to his knee, injuring his right ankle and foot.

Supreme Court properly granted that part of defendant's motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action. The regulations on which plaintiff relies are not applicable to the facts of this case (see Luckern v Lyonsdale Energy Ltd. Partnership, 281 AD2d 884, 886 [2001]; Flihan v Cornell Univ., 280 AD2d 994 [2001]). The court erred, however, in granting plaintiff's cross motion seeking partial summary judgment on liability under Labor Law § 240 (1) and in denying that part of defendant's motion seeking summary judgment dismissing that cause of action. Thus, we modify the order accordingly. The hazard at issue herein to which plaintiff was exposed, i.e., slipping into a gap between insulation boards, was one of "the usual and ordinary dangers of a construction site, and [was not one of] the extraordinary elevation risks envisioned

by Labor Law § 240 (1)" (*Rodriguez v Margaret Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843 [1994]; *see Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 915-916 [1999]; *Robinson v East Med. Ctr., LP*, 17 AD3d 1027, 1027-1028 [2005]).

All concur except Hurlbutt, J.P., and Gorski, J., who dissent in part in accordance with the following memorandum.

Hurlbutt, J.P., and Gorski, J. (dissenting in part). We respectfully dissent in part. We agree with the majority that Supreme Court erred in granting plaintiff's cross motion seeking partial summary judgment on liability under Labor Law § 240 (1) but, unlike the majority, we conclude that the court properly denied that part of defendant's motion seeking summary judgment dismissing that cause of action. Thus, we would modify the order accordingly. According to plaintiff, he was required to climb onto an eight-foot-high stack of insulation boards in order to cover them with a tarp, and he injured his right ankle when his right leg slipped into the gap between two stacks of insulation boards and he fell up to his elbow. Plaintiff alleged that he could have performed the task safely with the assistance of a ladder.

In our view, the stacks of insulation boards constituted an elevated work site. Thus, contrary to the conclusion of the majority, plaintiff was exposed to one of the extraordinary elevation risks contemplated by Labor Law § 240 (1) (*see generally Rodriguez v Margaret Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843-844 [1994]). Plaintiff need not have fallen to the ground to qualify for the protection of Labor Law § 240 (1) (*see Franklin v Dormitory Auth. of State of N.Y.*, 291 AD2d 854 [2002]; *Adams v North-Star Constr. Co.*, 249 AD2d 1001 [1998]). "The core objective of the statute in requiring protective devices for those working at heights is to allow them to complete their work safely and prevent them from falling" (*Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 916 [1999]). Here, it appears that a ladder would have protected plaintiff from injuring his ankle (*see generally Scally v Regional Indus. Partnership*, 9 AD3d 865, 867 [2004]; *Curley v Gateway Communications*, 250 AD2d 888, 890 [1998]).

We nevertheless conclude, however, that defendant has raised an issue of fact whether the actions of plaintiff were the sole proximate cause of the accident and resultant injury. Although according to plaintiff no ladder was present at the work site for his use, defendant presented evidence that no ladders were necessary to perform the task at issue, and that the task is one for two workers to perform from roof-level. Defendant also presented evidence that plaintiff was instructed not to climb onto stacks of insulation boards that were more than a single bundle,

i.e., more than four feet high. Plaintiff denied that tarping was a two-person task, and he denied that he was instructed not to climb onto two stacked bundles. Even where a worker is not recalcitrant, there may be no liability under Labor Law § 240 (1) where the worker's actions are the "sole proximate cause of the accident" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]). Here, there is an issue of fact whether plaintiff had been instructed to perform the task at issue in a particular, safe manner but had chosen to disregard that instruction or whether plaintiff was not so instructed and was deprived of the use of a safety device, i.e., a ladder, to permit him to complete the task safely. Thus, there is an issue of fact whether the actions of plaintiff were the sole proximate cause of the accident and resultant injury (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]). Present—Hurlbutt, J.P., Scudder, Gorski, Smith and Lawton, JJ.