■ EARL D. WILSON, Appellant-Respondent, v NIAGARA UNIVERSITY, Respondent-Appellant. [842 NYS2d 819]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered July 10, 2006 in a personal injury action. The order, among other things, granted in part defendant's motion for summary judgment and denied the cross motion of plaintiff for leave to amend his responses to interrogatories and for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion seeking summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is based upon the alleged violation of 12 NYCRR 23-1.5 (a) and dismissing that claim to that extent and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained during the course of his employment as a laborer on a mold remediation project. The accident occurred when plaintiff descended into a three- to four-foot-deep crawl space and stepped onto an overturned five-gallon bucket that was used by plaintiff and his coworkers to gain access to the crawl space. The bucket slipped out from under plaintiff, causing him to fall and injure his back.

Supreme Court properly denied that part of defendant's motion seeking summary judgment dismissing the Labor Law § 240 (1) claim. Contrary to defendant's contention, plaintiff's fall was the result of "the type of elevation-related risk for which Labor Law § 240 (1) provides protection" (*Covey v Iroquois Gas*

*Transmission Sys.*, 89 NY2d 952, 954 [1997]; *see Congi v Niagara Frontier Transp. Auth.*, 294 AD2d 830 [2002]). Further, the bucket from which plaintiff fell "served as the functional equivalent of a scaffold, ladder or other device enumerated in the statute" (*Paul v Ryan Homes*, 5 AD3d 58, 61 [2004]). We further conclude, however, that the court properly denied that part of plaintiff's cross motion seeking partial summary judgment on Labor Law § 240 (1) liability because there is a triable issue of fact "whether stepladders 'were available at the job site' for plaintiff's use" (*Notaro v Bison Constr. Corp.*, 32 AD3d 1218, 1219 [2006], quoting *Montgomery v Federal Express Corp.*, 4 NY3d 805, 806 [2005]; *see generally Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554-555 [2006]).

The court also properly denied that part of the cross motion of plaintiff seeking leave to amend his responses to interrogatories to allege additional Industrial Code violations in support of his Labor Law § 241 (6) claim. Although the case was ready for trial and we perceive "no 'unfair surprise or prejudice' to defendant" resulting from the proposed amendment (*Ellis v J.M.G., Inc.*, 31 AD3d 1220, 1221 [2006]), none of the additional regulations upon which plaintiff relies applies to the facts of this case (*see Keavey v New York State Dormitory Auth.*, 24 AD3d 1193 [2005], *affd* 6 NY3d 859 [2006]). Finally, we conclude that the court erred in denying that part of defendant's motion seeking summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is based upon the alleged violation of 12 NYCRR 23-1.5 (a), and we therefore modify the order accordingly. That regulation sets forth a general standard of care and is not sufficiently specific to support a section 241 (6) claim (*see Maldonado v Townsend Ave. Enters., Ltd. Partnership*, 294 AD2d 207, 208 [2002]; *Basile v ICF Kaiser Engrs. Corp.*, 227 AD2d 959 [1996]). Present—Scudder, P.J., Martoche, Centra, Green and Pine, JJ.