■ ADAN PEREIRA, Respondent, v QUOGUE FIELD CLUB OF QUOGUE, LONG ISLAND, Appellant. [898 NYS2d 220]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), entered July 8, 2009, as denied that branch of its motion which was for summary judgment dismissing the cause of action to recover damages for a violation of Labor Law § 241 (6).

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were for summary judgment dismissing so much of the cause of action to recover damages for a violation of Labor Law § 241 (6) as was based on violations of 12 NYCRR 23-1.5, 23-1.7 and 23-1.8, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff avers that on July 9, 2007, while employed by Century Tennis, Inc., he was paving tennis courts located on

the defendant's premises. The plaintiff used a steamroller throughout the course of the day to perform his work. When work was halted at 3:00 P.M., the plaintiff attempted to restart the steamroller in order to drive it into a trailer in the defendant's parking lot. There was no cover encasing the pulley on the steamroller operated by the plaintiff. According to the plaintiff, when he tried to start the steamroller by pulling a string installed on the steamroller for that purpose, his hand was pulled towards the exposed, rapidly spinning pulley, resulting in the amputations of portions of his fingers. The plaintiff's expert attributes the injury to the absence of a pulley cover.

In his complaint, the plaintiff alleged, inter alia, violations of Labor Law §§ 200, 240 (1) and § 241 (6). Upon reviewing the defendant's motion for summary judgment dismissing the complaint, the Supreme Court determined that the Labor Law § 241 (6) cause of action was viable in its entirety. We modify.

Labor Law § 241 (6) "requires owners and contractors to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor. The duty to comply with the Commissioner's safety rules, which are set out in the Industrial Code (12 NYCRR), is nondelegable. In order to support a claim under section 241 (6), however, the particular provision relied upon by a plaintiff must mandate compliance with concrete specifications and not simply declare general safety standards or reiterate common-law principles" (*Misicki v Caradonna*, 12 NY3d 511, 515 [2009] [citation and internal quotation marks omitted]).

The defendant correctly contends that although the plaintiff included 12 NYCRR 23-1.5 (a) among the predicates for the Labor Law § 241 (6) cause of action, that provision merely sets forth a general standard of care and, thus, cannot serve as a predicate for liability pursuant to Labor Law § 241 (6) (*see Wilson v Niagara Univ.*, 43 AD3d 1292, 1293 [2007]; *Maldonado v Townsend Ave. Enters., Ltd. Partnership*, 294 AD2d 207, 208 [2002]; *Greenwood v Shearson, Lehman & Hutton*, 238 AD2d 311, 312 [1997]). Moreover, in opposition to the defendant's additional prima facie showing that 12 NYCRR 23-1.7 and 23-1.8 are inapplicable to this matter, the plaintiff failed to raise a triable issue of fact. Accordingly, the defendant was entitled to summary judgment dismissing the Labor Law § 241 (6) cause of action to the extent that it is based on these provisions of the Industrial Code.

The defendant further contends that the affidavit of the plaintiff's expert is inadequate because the expert did not physi-

cally inspect the subject steamroller, and provided only conclusory assertions. This contention is without merit. The expert reviewed photographs of the relevant steamroller, and provided a detailed analysis (*see Torres v W.J. Woodward Constr., Inc.*, 32 AD3d 847, 849 [2006]; *Davidson v Sachem Cent. School Dist.*, 300 AD2d 276, 277 [2002]; *Kozma v Biberfeld*, 264 AD2d 817, 818 [1999]).

The defendant's remaining contentions are without merit. Mastro, J.P., Skelos, Eng and Roman, JJ., concur.