◼ Isaac Silvas et al., Appellants, v Bridgeview Investors, LLC, et al., Respondents, et al., Defendants. (And a Related Action.) [912 NYS2d 618]—

In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), entered May 19, 2009, as granted that branch of the motion of the defendants Bridgeview Investors, LLC, East Coast Construction Group, Inc., and T.F.N. Development Corp. which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants Bridgeview Investors, LLC, and East Coast Construction Group, Inc., and that branch of the cross motion of the defendant 36 BDWY, LLC, which was for summary judgment dismissing that cause of action insofar as asserted against that defendant, and (2) so much of an order of the same court dated October 15, 2009, as, upon reargument, in effect, adhered to the determination in the order entered May 19, 2009, granting that branch of the motion of the defendants Bridgeview

Investors, LLC, East Coast Construction Group, Inc., and T.F.N. Development Corp. which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants Bridgeview Investors, LLC, and East Coast Construction Group, Inc., and granting that branch of the cross motion of the defendant 36 BDWY, LLC, which was for summary judgment dismissing that cause of action insofar as asserted against that defendant, and vacated the determination in the order entered May 19, 2009, denying that branch of the motion of the defendants Bridgeview Investors, LLC, East Coast Construction Group, Inc., and T.F.N. Development Corp. which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated on a violation of Industrial Code (12 NYCRR) § 23-1.22 (c) (2) insofar as asserted against the defendants Bridgeview Investors, LLC, and East Coast Construction Group, Inc., and denying that branch of the cross motion of the defendant 36 BDWY, LLC, which was for summary judgment dismissing that portion of the cause of action insofar as asserted against that defendant, and thereupon granted those branches of the motion and cross motion.

Ordered that the appeal from so much of the order entered May 19, 2009, as granted that branch of the motion of the defendants Bridgeview Investors, LLC, East Coast Construction Group, Inc., and T.F.N. Development Corp. which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants Bridgeview Investors, LLC, and East Coast Construction Group, Inc., and granted that branch of the cross motion of the defendant 36 BDWY, LLC, which was for summary judgment dismissing that cause of action insofar as asserted against it, is dismissed, as those portions of the order were superseded by the order dated October 15, 2009, made upon reargument; and it is further,

Ordered that the order dated October 15, 2009, is reversed insofar as appealed from, on the law, and, upon reargument, the determination in the order entered May 19, 2009, granting that branch of the motion of the defendants Bridgeview Investors, LLC, East Coast Construction Group, Inc., and T.F.N. Development Corp. which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants Bridgeview Investors, LLC, and East Coast Construction Group, Inc., and granting that branch of the cross motion of the defendant 36 BDWY, LLC, which was for summary judgment dismissing that cause of

action insofar as asserted against it is vacated, and those branches of the motion and the cross motion are denied, and the determination in the order entered May 19, 2009, denying that branch of the motion of the defendants Bridgeview Investors, LLC, East Coast Construction Group, Inc., and T.F.N. Development Corp. which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated on a violation of Industrial Code (12 NYCRR) § 23-1.22 (c) (2) insofar as asserted against the defendants Bridgeview Investors, LLC, and East Coast Construction Group, Inc., and denying that branch of the cross motion of the defendant 36 BDWY, LLC, which was for summary judgment dismissing that portion of the cause of action insofar as asserted against it is adhered to; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendants Bridgeview Investors, LLC, East Coast Construction Group, Inc., T.F.N. Development Corp. and 36 BDWY, LLC.

The decedent and a coworker were stacking pieces of plywood debris on a sixth floor balcony of a condominium building under construction when the decedent lost his balance and fell to his death. It is undisputed that on the date of the accident, the subject balcony had not yet been equipped with a railing. Although barricades of some type had been erected in front of the openings to all of the unguarded balconies in the building, the barricade in front of the subject balcony had been removed prior to the decedent's fall.

Following the accident, the plaintiffs commenced this action against, among others, the building owners, Bridgeview Investors, LLC (hereinafter Bridgeview), and 36 BDWY, LLC (hereinafter 36 BDWAY), and the general contractor, East Coast Construction Group, Inc. (hereinafter East Coast; collectively the defendants), alleging, inter alia, violations of Labor Law § 240 (1) and § 241 (6). After depositions had been conducted, Bridgeview and East Coast, among others, moved for summary judgment, among other things, dismissing the complaint insofar as asserted against those defendants, and 36 BDWY cross-moved for the same relief. In support of their respective motions, the defendants argued that the plaintiffs' cause of action alleging a violation of Labor Law § 240 (1) should be dismissed because the decedent's actions were the sole proximate cause of the accident. In support of their contention, the defendants claimed that the decedent and his coworker had disregarded explicit instructions to stockpile wood in front of the barricaded balconies, and had instead taken it upon themselves to remove

a barricade in front of a sixth floor balcony and to venture out onto that balcony. The defendants also argued that the plaintiffs' cause of action alleging a violation of Labor Law § 241 (6) should be dismissed because the various Industrial Code safety regulations upon which that cause of action was predicated were either too general to sustain a section 241 (6) claim or were inapplicable to the circumstances of the accident. In opposition to the motions, the plaintiffs argued that the defendants had offered no admissible evidentiary proof that the decedent and his coworker had removed the barricade in front of the subject balcony, or that they had disregarded explicit instructions by stacking plywood debris on the balcony. The plaintiffs further argued that the evidence suggested that it was necessary for the decedent and his coworker to stack the plywood debris on the balcony so that it could be removed by a lull machine equipped with a forklift. The plaintiffs also contended that the absence of railings on the balcony, where the workers were stacking plywood debris for removal, violated Industrial Code (12 NYCRR) § 23-1.22 (c) (2). In an order entered May 19, 2009, the Supreme Court, inter alia, awarded summary judgment to the defendants dismissing the plaintiffs' cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against each of them, concluding that the decedent's actions in removing the barricade blocking access to the subject balcony was the sole proximate cause of the accident. The Supreme Court also granted those branches of the respective motions which were for summary judgment dismissing the plaintiffs' cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against the defendants, except to the extent that cause of action was predicated upon Industrial Code (12 NYCRR) § 23-1.22 (c) (2).

The plaintiffs moved for leave to reargue, and the defendants separately cross-moved for leave to reargue. In an order dated October 15, 2009, the Supreme Court, inter alia, upon reargument, adhered to its original determination dismissing the Labor Law § 240 (1) claim insofar as asserted against the defendants, and vacated the determination in the order entered May 19, 2009, denying summary judgment to the defendants dismissing so much of the Labor Law § 241 (6) claim as was predicated on Industrial Code (12 NYCRR) § 23-1.22 (c) (2) insofar as asserted against each of them, thus effectively dismissing the plaintiffs' cause of action alleging a violation of Labor Law § 241 (6) in its entirety. The Supreme Court reasoned that since the decedent's conduct in removing the barricade protecting him from the unguarded balcony was the sole proximate cause of the accident, no Industrial Code violation

contributed to the accident. We reverse the order dated October 15, 2009, insofar as appealed from.

Labor Law § 240 (1) imposes a nondelegable duty upon owners and general contractors to provide safety devices to protect workers from elevation-related risks (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]; *Barr v 157 5 Ave., LLC*, 60 AD3d 796 [2009]). "To impose liability pursuant to Labor Law § 240 (1), there must be a violation of the statute and that violation must be a proximate cause of the plaintiff's injuries" (*Tama v Gargiulo Bros., Inc.*, 61 AD3d 958, 960 [2009]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). "Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240 (1)" (*Treu v Cappelletti*, 71 AD3d 994, 997 [2010]).

Here, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the plaintiffs' cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them on the ground that the decedent's conduct was the sole proximate cause of the accident. Contrary to the Supreme Court's determination, the defendants offered no admissible evidence that either the decedent, or the individual with whom the decedent was working at the time of the accident, removed the barricade in front of the subject balcony. Although East Coast's former project superintendent submitted an affidavit in which he alleged that the decedent and a coworker removed the barricade, his affidavit contained no indication that he witnessed the removal of the barricade, and did not set forth a factual basis for his conclusion that the barricade was removed by the decedent and his coworker. Thus, the superintendent's conclusory assertion that the decedent and his coworker removed the barrier was without probative value (*see Morales v Westchester Stone Co., Inc.*, 63 AD3d 805, 806 [2009]). The superintendent's affidavit was also insufficient to establish, prima facie, that the decedent was a recalcitrant worker who ventured out onto the balcony in disobedience of any immediate, specific instructions given to him (*see Ortiz v 164 Atl. Ave., LLC*, 77 AD3d 807 [2010]; *Zong Mou Zou v Hai Ming Constr. Corp.*, 74 AD3d 800, 801 [2010]; *Santo v Scro*, 43 AD3d 897, 898 [2007]; *cf. Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]). In addition, the statements attributed to the decedent's coworker in a report prepared by a safety consultant constituted inadmissible hearsay (*see Cheul Soo Kang v Violante*, 60 AD3d 991, 992 [2009]; *Hochhauser v Electric Ins. Co.*, 46 AD3d 174, 181-183 [2007]; *Hatton v Gas-*

*sler*, 219 AD2d 697 [1995]). Under these circumstances, the defendants failed to make a prima facie showing that the decedent's actions were the sole proximate cause of the accident, and the Supreme Court should not have awarded summary judgment to the defendants dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them.

The defendants also failed to make a prima facie showing that Industrial Code (12 NYCRR) § 23-1.22 (c) (2) was inapplicable to the circumstances of this action, or that their alleged violation of this provision was not a proximate cause of the accident (*see Ortiz v 164 Atl. Ave., LLC*, 77 AD3d 807 [2010]; *Treu v Cappelletti*, 71 AD3d at 998). Accordingly, upon reargument, the Supreme Court should not have vacated its original determination denying summary judgment to the defendants dismissing so much of the plaintiffs' cause of action alleging a violation of Labor Law § 241 (6) as was predicated on a violation of Industrial Code (12 NYCRR) § 23-1.22 (c) (2) insofar as asserted against them. Skelos, J.P., Eng, Belen and Hall, JJ., concur.