# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

918
CA 14-02122
PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

JOSETTE MARCELLO, CLAIMANT-APPELLANT,

V                                              MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 116793.)

---

CELLINO & BARNES, P.C., ROCHESTER (RICHARD P. AMICO OF COUNSEL), FOR
CLAIMANT-APPELLANT.

LAW OFFICES OF JOHN WALLACE, ROCHESTER (VALERIE L. BARBIC OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------

Appeal from an order of the Court of Claims (Renée Forgensi Minarik, J.), entered February 6, 2014. The order granted the motion of defendant for summary judgment and dismissed the claim.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Claimant commenced this Labor Law action seeking damages for injuries she sustained when she was struck by a backhoe that was backing up at a road construction site. The Court of Claims granted defendant's motion for summary judgment dismissing the claim, and claimant contends on appeal only that the court erred in granting that part of the motion with respect to Labor Law § 241 (6) to the extent that it is premised on the alleged violation of 12 NYCRR 23-9.5 (g). We affirm. In the order on appeal, the court concluded that the last sentence of the regulation does not contain a specific, concrete standard that will support liability under Labor Law § 241 (6). "In order to support a claim under section 241 (6), . . . the particular provision relied upon by a [claimant] must mandate compliance with concrete specifications and not simply declare general safety standards or reiterate common-law principles" (*Misicki v Caradonna*, 12 NY3d 511, 515; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505). Thus, section 241 (6) imposes a nondelegable duty on a defendant "only where the regulation in question contains a 'specific, positive command[]' " (*Morris v Pavarini Constr.*, 9 NY3d 47, 50, quoting *Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 297, *rearg denied* 45 NY2d 776). The regulation at issue here states that "[e]very mobile power-operated excavating machine . . . shall be provided with an approved warning device so installed as to automatically sound a warning signal when such machine is backing," and the last sentence states that "[s]uch warning signal shall be audible to all persons in

the vicinity of the machine above the general noise level in the area" (12 NYCRR 23-9.5 [g]).  We agree with the court that the "regulation sets forth a general standard of care and is not sufficiently specific to support a section 241 (6) claim" (*Wilson v Niagara Univ.*, 43 AD3d 1292, 1293; *see generally McCormick v 257 W. Genesee, LLC*, 78 AD3d 1581, 1583; *Pereira v Quogue Field Club of Quogue, Long Is.*, 71 AD3d 1104, 1105).

In view of our determination, we do not address claimant's remaining contentions.

Entered:  October 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court