Graziano v Source Bldrs. & Consultants, LLC (2019 NY Slip Op 06477)





Graziano v Source Bldrs. & Consultants, LLC


2019 NY Slip Op 06477


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-05369
 (Index No. 4264/12)

[*1]Guy Graziano, appellant-respondent, 
v
Source Builders & Consultants, LLC, defendant third-party plaintiff-respondent-appellant, Victims Information Bureau of Suffolk, Inc., defendant- respondent-appellant, Roland's Electric, Inc., respondent; Ventre Fire Protection, Inc., et al., third-party defendants-respondents-appellants (and another third-party action).


Silbowitz, Garafola, Silbowitz, Schatz & Frederick, LLP, New York, NY (Mitchell E. Silbowitz of counsel), for appellant-respondent.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (David A. LoRe of counsel), for defendant third-party plaintiff-respondent-appellant.
Havkins Rosenfeld Ritzert & Varriale, LLP, Mineola, NY (Gail L. Ritzert and Robert E. Coleman of counsel), for defendant-respondent-appellant and third-party defendants-respondents-appellants.
Bello & Larkin, Hauppauge, NY (Wayne P. Esposito of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant Source Builders & Consultants, LLC, the defendant Victims Information Bureau of Suffolk, Inc., and the third-party defendants separately cross-appeal, from an order of the Supreme Court, Suffolk County (Andrew G. Tarantino, Jr., J.), dated April 6, 2016. The order, insofar as appealed from, (1) granted those branches of the separate motions of the defendants Source Builders & Consultants, LLC, and Victims Information Bureau of Suffolk, Inc., which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6) insofar as asserted against each of them, (2) granted that branch of the cross motion of the defendant Roland's Electric, Inc., which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it, and (3) denied the plaintiff's cross motion for summary judgment on the issue of liability against the defendant Source Builders & Consultants, LLC, and motion for summary judgment on the issue of liability against the defendants Victims Information Bureau of Suffolk, Inc., and Roland's Electric, Inc. The order, insofar as cross-appealed from by the defendant Source Builders & Consultants, LLC, denied that branch of that defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it. The order, insofar as cross-appealed from by the defendant Victims Information Bureau of Suffolk, Inc., (1) denied that branch of that defendant's motion which was for summary [*2]judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it, and (2) denied that branch of that defendant's motion which was for conditional summary judgment on its cross claim for contractual indemnification against the defendant Roland's Electric, Inc. The order, insofar as cross-appealed from by the third-party defendants, (1) granted that branch of the motion of the defendant Source Builders & Consultants, LLC, which was for conditional summary judgment on its third-party claim for contractual indemnification, (2) denied that branch of the motion of the defendant Source Builders & Consultants, LLC, which was for summary judgment on its third-party claim alleging breach of contract, and (3) denied that branch of the motion of the third-party defendants which was for summary judgment dismissing the third-party claim for contractual indemnification.
ORDERED that the cross-appeal of the third-party defendants from so much of the order as denied that branch of the motion of the defendant Source Builders & Consultants, LLC, which was for summary judgment on its third-party claim alleging breach of contract is dismissed, without costs or disbursements, as the third-party defendants are not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the separate motions of the defendants Source Builders & Consultants, LLC, and Victims Information Bureau of Suffolk, Inc., which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against each of them, and substituting therefor provisions denying those branches of the separate motions, (2) by deleting the provision thereof granting those branches of the cross motion of Roland's Electric, Inc., which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, and substituting therefor a provision denying those branches of the cross motion, (3) by deleting the provision thereof denying that branch of the motion of the defendant Victims Information Bureau of Suffolk, Inc., which was for conditional summary judgment on its cross claim for contractual indemnification against the defendant Roland's Electric, Inc., and substituting therefor a provision granting that branch of the motion pending a determination as to the negligence, if any, of the defendant Roland's Electric, Inc., and (4) by deleting the provision thereof granting that branch of the motion of the defendant Source Builders & Consultants, LLC, which was for conditional summary judgment on its third-party claim for contractual indemnification pending a determination as to the negligence, if any, of the third-party defendants, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.
The plaintiff, an employee of Capital Fire Sprinkler Co. of L.I., LLC, doing business as Ventre Fire Protection, Inc. (hereinafter Ventre), commenced this action to recover damages for personal injuries he alleges he suffered when he was installing sprinklers in a building owned by the defendant Victims Information Bureau of Suffolk, Inc. (hereinafter the Bureau). Source Builders & Consultants, LLC (hereinafter Source), had been designated as the general contractor on the renovation project to convert the building from an open warehouse to office space.
The plaintiff testified at his deposition that, at the time of the incident, he had been installing sprinklers in the space above a grid for a dropped ceiling and that the ceiling tiles had not yet been inserted into the grid. In the part of the building in which the plaintiff was working, the roof was approximately 16 feet above the floor; the grid for the dropped ceiling had been installed approximately 8½ feet above the floor and 7½ feet below the roof. The dropped ceiling grid hung just below the tops of the building's interior walls. The interior walls were four to six inches wide, and, as part of the renovation project, the defendant Roland's Electric, Inc. (hereinafter Roland's Electric), had run wires "on top of the walls."
The plaintiff testified that he had used a 12-foot ladder to install sprinklers in some of the rooms of the building, since the grid for the dropped ceiling in those rooms had openings for two-foot by four-foot ceiling tiles. The plaintiff testified that he could not use that ladder in the [*3]hallways because the grid for the dropped ceiling in the hallways had openings for two-foot by two-foot ceiling tiles, and the two-foot by two-foot openings in that grid were too small for the ladder to fit through. The plaintiff testified that his supervisor directed him to place a "scaffolding board" from the top of one wall of the hallway to the top of the other wall of the hallway to create a platform he could stand on while he installed the sprinklers in the space above the hallway.
The plaintiff testified that his fall took place when he stood on top of one wall of the hallway in order to reposition the scaffolding board so that he could install the next sprinkler. According to the plaintiff, as he stepped backward in order to reposition the scaffolding board, he tripped over a wire that had been run on top of the wall and fell through the dropped ceiling grid to the floor. He also testified that he had never worked at a job site where a dropped ceiling grid with two-foot by two-foot openings had been installed prior to his installing sprinklers.
The plaintiff alleged common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6) against Source, the Bureau, and Roland's Electric. Source thereafter commenced a third-party action against the plaintiff's employer, Ventre, and two other entities (hereinafter collectively the third-party defendants). The Bureau subsequently commenced a similar third-party action against two of the three third-party defendants.
As is relevant to this appeal, the Bureau moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and for conditional summary judgment on its cross claim for contractual indemnification against Roland's Electric. Source separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and for conditional summary judgment on its third-party claims for contractual indemnification and alleging breach of contract. Roland's Electric cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The plaintiff cross-moved for summary judgment on the issue of liability against Source, and separately moved for summary judgment on the issue of liability against the Bureau and Roland's Electric. The third-party defendants moved, inter alia, for summary judgment dismissing Source's third-party claim for contractual indemnification.
The Supreme Court, inter alia, (1) granted those branches of the separate motions of Source and the Bureau which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6) insofar as asserted against each of them, (2) denied those branches of the separate motions of Source and the Bureau which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them, (3) granted that branch of the cross motion of Roland's Electric which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it, (4) denied the plaintiff's cross motion and motion for summary judgment on the issue of liability, (5) denied that branch of the Bureau's motion which was for summary judgment on its cross claim for contractual indemnification against Roland's Electric, (6) granted that branch of Source's motion which was for summary judgment on its third-party claim for contractual indemnification pending a determination of the third-party defendants' negligence, (7) denied that branch of the third-party defendants' motion which was for summary judgment dismissing the third-party claim for contractual indemnification, and (8) denied that branch of Source's motion which was for summary judgment on its third-party claim alleging breach of contract. The plaintiff appeals, and the Bureau, Source, and the third-party defendants separately cross-appeal.
Labor Law § 240(1)
"Labor Law § 240(1) imposes a nondelegable duty upon owners and general contractors to provide safety devices to protect workers from elevation-related risks" (Silvas v Bridgeview Invs., LLC, 79 AD3d 727, 731). "To impose liability pursuant to Labor Law § 240(1), there must be a violation of the statute and that violation must be a proximate cause of the plaintiff's injuries" (id. at 731 [internal quotation marks omitted]). "Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery [*4]under Labor Law § 240(1)" (id. [internal quotation marks omitted]; see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554-555).
Here, the Bureau and Source failed to demonstrate, prima facie, that the plaintiff was the sole proximate cause of his fall and subsequent injuries (see Carlton v City of New York, 161 AD3d 930, 933; Silvas v Bridgeview Invs., LLC, 79 AD3d at 731). Although they submitted evidence that there were ladders at the site and available to the plaintiff, and that the plaintiff used one such ladder in order to climb to the top of the wall, they also submitted the plaintiff's deposition testimony, which demonstrated the existence of triable issues of fact as to whether the plaintiff was recalcitrant or whether he was following his supervisor's instructions and performing the work in the only way possible. In addition, the plaintiff and Source employees testified at their respective depositions that, although Source was aware that the dropped ceiling grids had been installed prior to the sprinklers, no one from Source, which had the authority to stop any unsafe work practices, sought to stop the plaintiff from working as he did. Thus, we agree with the Supreme Court's determination denying those branches of the motions of the Bureau and Source which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, we agree with the Supreme Court that the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the Bureau and Source (see Wahab v Agris & Brenner, LLC, 102 AD3d 672, 674; Silvas v Bridgeview Invs., LLC, 79 AD3d at 731). Triable issues of fact exist as to whether the Bureau and Source should have provided safety devices or whether the plaintiff's act in erecting and using a scaffolding board was a recalcitrant act which was the sole proximate cause of his injury.
Labor Law § 241(6)
"Labor Law § 241(6) imposes on owners and contractors a nondelegable duty to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086 [internal quotation marks omitted]). "To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Aragona v State of New York, 147 AD3d 808, 809). Here, the Industrial Code sections on which the plaintiff relies either set "forth a general standard of care and, thus, cannot serve as a predicate for liability pursuant to Labor Law § 241(6)" (Pereira v Quogue Field Club of Quogue, Long Is., 71 AD3d 1104, 1105), or do not apply to the facts of this case (see Smith v Cari, LLC, 50 AD3d 879, 881). Although the plaintiff also cited Occupational Safety and Health Act standards in support of his cause of action alleging violations of Labor Law § 241(6), such "standards do not provide a basis for liability under Labor Law § 241(6)" (Marl v Liro Engrs., Inc., 159 AD3d 688, 689). Accordingly, we agree with the Supreme Court's denial of those branches of the plaintiff's cross motion and motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) and grant of those branches of the respective motions of the Bureau and Source which were for summary judgment dismissing that cause of action insofar as asserted against each of them.
Common-Law Negligence and Labor Law § 200
Although we agree with the Supreme Court's determination denying those branches of the plaintiff's cross motion and motion which were for summary judgment on the issue of liability on the causes of action alleging common-law negligence and violation of Labor Law § 200 insofar as asserted against the Bureau, Source, and Roland's Electric, we disagree with the determination granting those branches of the respective motions of the Bureau and Source, and that branch of the cross motion of Roland's Electric, which were for summary judgment dismissing those causes of action insofar as asserted against each of them. Labor Law § 200 is a "codification of the [*5]common-law duty of an owner or general contractor to provide workers with a safe place to work" (Ortega v Puccia, 57 AD3d 54, 60). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (id. at 61). When, as here, a plaintiff has alleged that his injuries arose from a dangerous condition on the premises, a defendant may be liable under common law and Labor Law § 200 if the defendant either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition (see Pacheco v Smith, 128 AD3d 926, 926). Where the condition at issue is both "open and obvious" and "not inherently dangerous," a defendant is not liable under either a theory of common law negligence or Labor Law § 200 (Dinallo v DAL Elec., 43 AD3d 981, 982). When a cause of action arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work (see Ortega v Puccia, 57 AD3d at 61).
Here, the Bureau, Source, and Roland's Electric each demonstrated, prima facie, that the wires lying on top of the walls, over which the plaintiff alleges that he tripped, were typical for a construction site and not a dangerous or defective condition for an unoccupied space (see Dinallo v DAL Elec., 43 AD3d at 982). In opposition, however, the plaintiff raised a triable issue of fact as to whether the wires lying on top of the walls constituted an inherently dangerous condition. According to the plaintiff's deposition testimony, since the dropped ceiling grid had already been installed, in order to install the sprinklers, he had to place a board on top of those walls. Thus, issues of fact preclude summary judgment on these causes of action.
Cross Claim and Third-Party Claim for Contractual Indemnification
The Supreme Court should have granted that branch of the Bureau's motion which was for conditional summary judgment on its cross claim for contractual indemnification against Roland's Electric, pending a determination of the negligence, if any, of Roland's Electric. The Bureau met its burden of demonstrating its prima facie entitlement to judgment as a matter of law on its contractual indemnification claims against Roland's Electric by submitting evidence establishing that the Bureau was free from any negligence and that it can only be held liable based on statutory or vicarious liability as the owner of the property where the accident occurred. In opposition, Roland's Electric failed to raise a triable issue of fact (see Jamindar v Uniondale Union Free School Dist., 90 AD3d 612, 616-617).
The Supreme Court should have denied that branch of Source's motion which was for conditional summary judgment on Source's third-party claim for contractual indemnification, pending a determination of the third-party defendants' negligence, if any (see Jardin v A Very Special Place, Inc., 138 AD3d 927, 930). Here, Source demonstrated, prima facie, that it and Ventre "intended to be bound" by their unsigned contract and, in opposition, the third-party defendants failed to raise a triable issue of fact regarding the existence of an enforceable agreement (Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 369; see Seales v Trident Structural Corp., 142 AD3d 1153, 1159). Nevertheless, as noted above, Source failed to establish that it was free from negligence, and that branch of its motion therefore should have been denied (see McDonnell v Sandaro Realty, Inc., 165 AD3d 1090, 1096-1097; Nealy v Pavarini-McGovern, LLC, 135 AD3d 917, 920).
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court