Hernandez v High Rise Bldg. & Design, Inc. (2022 NY Slip Op 06117)

Hernandez v High Rise Bldg. & Design, Inc.

2022 NY Slip Op 06117

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-13583
 (Index No. 514076/17)

[*1]Jesus Antonio Hernandez, et al., respondents,
v
High Rise Building & Design, Inc., et al., appellants, et al., defendant.

Spar & Bernstein, P.C. (The Leyvi Law Group, P.C., Brooklyn, NY [Maksim Leyvi], of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York, NY (Eileen Kaplan of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants High Rise Building & Design, Inc., and J.J.B. Retail Corp. appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 6, 2019. The order denied the motion of the defendant J.J.B. Retail Corp. for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the appeal by the defendant High Rise Building & Design, Inc., is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is affirmed on the appeal by the defendant J.J.B. Retail Corp.; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The plaintiffs, Jesus Antonio Hernandez (hereinafter Hernandez), and his wife suing derivatively, allege that, on May 24, 2017, Hernandez was injured when he fell from a scaffold while performing sheet rock installation at a construction site owned by the defendant J.J.B. Retail Corp. (hereinafter JJB Retail), which had retained the defendants High Rise Building & Design, Inc. (hereinafter High Rise), and SSG Group, Inc., to renovate the premises. The plaintiffs also allege that Hernandez was hired to work on the project by a High Rise employee, who paid Hernandez weekly in cash, and supervised his work for approximately one month before the accident.
The plaintiffs commenced this action against the defendants, alleging, inter alia, that they violated Labor Law §§ 200, 240 and 241. Issue was joined only by JJB Retail, which subsequently moved for summary judgment dismissing the complaint insofar as asserted against it. By order dated November 6, 2019, the Supreme Court denied JJB Retail's motion. JJB Retail appeals.
The Supreme Court properly denied JJB Retail's motion for summary judgment dismissing the complaint insofar as asserted against it. JJB Retail moved for summary judgment on the grounds that Hernandez was not an employee within the meaning of the Labor Law, he was not present at the construction site on the May 24, 2017 date of the alleged accident, and no accident occurred on that day.
"[I]n order to invoke the protections afforded by the Labor Law and to come within the special class for whose benefit liability is imposed upon contractors, owners and their agents, a plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent" (Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 576-577 [citations and internal quotation marks omitted]; see Daeira v Genting N.Y., LLC, 173 AD3d 831, 834).
JJB Retail bore the prima facie burden of affirmatively establishing its entitlement to judgment as a matter of law (see Ferrante v American Lung Assn., 90 NY2d 623, 631). In support of the motion, JJB Retail submitted, inter alia, affidavits from the supervisors for High Rise and the nonparty electrical subcontractor, each of whom averred that Hernandez did not work on the project, was not present on the day of the alleged accident, and that no accident occurred on that day. However, they did not explain how they arrived at their conclusions, particularly since neither attested to even being present at the site on the day in question. Moreover, although the High Rise supervisor asserted that no one from High Rise hired or paid Hernandez in any form, he did not mention the specific High Rise employee identified by Hernandez as the person who hired and paid him to work on the project. Accordingly, the supervisors' affidavits were conclusory and without probative value (see Silvas v Bridgeview Invs., LLC, 79 AD3d 727, 731).
In any event, the supervisors' averments merely conflicted with the version of events testified to by Hernandez, whose deposition transcript was included with the moving papers. JJB Retail's own submissions, thus, raised, rather than eliminated, triable issues of fact, thereby precluding summary judgment (see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 175; Vega v Restani Constr. Corp., 18 NY3d 499, 505). In light of JJB Retail's failure to meet its prima facie burden, its motion was properly denied regardless of the sufficiency of the plaintiffs' opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
JJB Retail's remaining contentions are without merit.
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court