■ SCOTT E. HINRICHS, Plaintiff, v EDWARD YOUSSEF et al., Defendants and Third-Party Plaintiff-Appellants, et al., Defendants. EDWARD HINRICHS et al., Third-Party Defendants-Respondents. [625 NYS2d 87] —In an action to recover damages for fraud, assault, battery, conversion, and larceny, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Nassau County (Saladino, J.), dated December 7, 1993, which granted the motion of the third-party defendants pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the third-party complaint is reinstated.

Affidavits received on a motion to dismiss for failure to state

a cause of action which has not been converted to a motion for summary judgment are not to be examined for the purpose of determining whether there is evidentiary support of the pleading *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 635). Accordingly, it was error for the Supreme Court to grant the motion based on the failure of the third-party plaintiffs to set forth facts in their affidavit in opposition which supported the allegations in their third-party complaint. Moreover, on a motion to dismiss pursuant to CPLR 3211 (a) (7), the proper concern is whether the pleading states a cause of action rather than the ultimate determination of the facts *(see, Stukuls v State of New York,* 42 NY2d 272, 275). Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.