■ Ashley Faulkner et al., Respondents, v Effective Security Systems, Inc., Appellant and Third-Party Plaintiff-Appellant, et al., Defendants. National Broadcasting Co., Inc., Third-Party Defendant-Respondent. [645 NYS2d 808] —Order, Supreme Court, New York County (Diane S. Lebedeff, J.), entered on or about January 18, 1996, which denied the motion of defendant and third-party plaintiff Effective Security Systems, Inc. (Effective) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against Effective. The appeal from the order of the same court and Justice, entered February 6, 1995, which granted the motion of third-party defendant National Broadcasting Co., Inc. (NBC) for summary judgment dismissing Effective's claim for indemnification is unanimously dismissed as moot, without costs. The clerk is directed to enter judgment dismissing and severing the complaint as against defendant-appellant.

Plaintiff seeks to recover for injuries suffered when on his way to work at NBC on a Saturday night between 11:00 P.M. and 12:00 A.M., he was walking through the lobby of 30 Rockefeller Plaza, which had a large crowd of people waiting to be admitted to "Saturday Night Live." As he wended his way through the crowd, he encountered, as he had on prior occasions, a velvet rope barrier that had been set up to limit access to the stairs leading up to the entrance of NBC's studios. Plaintiff claims that the rope was twisted and he was unable to unhook it at either end. He then attempted, again as he had done on prior occasions, to step over the rope. As he did so, it is alleged, someone in the crowd pushed him, causing him to fall over the rope and dislocate his right knee. Plaintiff claims that defendants failed to "maintain control over any crowd that may gather in the lobby" and "that Effective's negligent placement of a rope barrier further aggravated the dangerous and unsafe condition which existed in the lobby" at the time of the accident. Effective brought a third-party action seeking indemnification pursuant to its contract with NBC, which action was dismissed in the IAS Court's February 6, 1995 order, which found that, pursuant to the indemnification clause in the contract, Effective had agreed to indemnify NBC for its own negligence as long as the loss was not caused solely by the negligence of NBC, not vice versa.

In its January 18, 1996 order, the IAS Court denied Effective's motion for summary judgment dismissing the complaint against it. In support of that motion, originally returnable on December 2, 1993, Effective submitted the affidavit of

one Michael Wright, who stated that he was the security guard assigned by Effective to the main lobby on the night in question and that he did not touch or place the restraining rope involved in plaintiff's accident. He further stated that the rope was not Effective's property or responsibility, and that the duties of Effective's guards in the lobby did not involve crowd control and were limited to the checking of identification cards. Effective claimed that it had no role in placing the rope barrier and that, even if it did, the placement of the barrier was not negligent.

The court, by order dated June 13, 1994, held the motion in abeyance in order to give plaintiff an opportunity to depose Effective to ascertain the nature of its role in placing the rope barrier. Seventeen months later, on November 20, 1995, after plaintiff had failed or was unable to depose Mr. Wright, now a former Effective employee, i.e., a nonparty witness, the court took Effective's motion under submission and then denied it in its January 18, 1996 order, stating that the "factual issues have not been resolved as the deposition was never held." However, regardless of plaintiff's failure or inability to ascertain the facts surrounding Effective's role in the placement of the rope barrier, in any view of the circumstances of this accident, such placement did not create a dangerous condition.

Here, Effective was hired to provide security for NBC by controlling access to its studios. Assuming arguendo that Effective placed the rope barrier in question, it was reasonable to use such a rope barrier to direct the flow of the crowd so that Effective's employees could check the identification of persons entering the elevators. The fact that the rope was twisted and would not unhook from the stanchion or railing to which it was attached is insufficient to show that Effective acted unreasonably, especially when the purpose of the rope was to keep people out of a restricted area. If plaintiff needed to get past the barrier but was unable, he could have asked for assistance from any of the four NBC pages he said were standing within 40 feet of him. Indeed, plaintiff testified at his deposition that he had done just that several times before.

In light of our dismissal of plaintiff's claim against it, Effective's appeal from the dismissal of its third-party action for indemnification against NBC is rendered moot. Concur—Sullivan, J. P., Ellerin, Kupferman, Williams and Mazzarelli, JJ.