■ NANCY T. RHODE, Respondent, v PORT WASHINGTON CINEMA CORP. et al., Defendants, and PMS ENTERPRISES, INC., Appellant. [700 NYS2d 864] —In an action to recover damages for

personal injuries, the defendant PMS Enterprises, Inc., appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated February 22, 1999, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

In considering a motion to dismiss for failure to state a cause of action (see, CPLR 3211 [a] [7]), the pleadings must be liberally construed (see, CPLR 3026; Mayer v Sanders, 264 AD2d 827). Accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, the court must determine only whether the facts as alleged fit within any cognizable legal theory (see, Leon v Martinez, 84 NY2d 83, 87-88; Morone v Morone, 50 NY2d 481, 484; Rovello v Orofino Realty Co., 40 NY2d 633, 634). The affidavit and other evidence submitted by the appellant and the plaintiff do not conclusively establish that the plaintiff has no cause of action against the appellant (see, Rovello v Orofino Realty Co., supra, at 636; Albert v Solimon, 252 AD2d 139, affd 94 NY2d 771; M & L Provisions v Dominick's Italian Delights, 141 AD2d 616; Fields v Leeponis, 95 AD2d 822). Therefore, the appellant's motion to dismiss the complaint insofar as asserted against it for failure to state a cause of action was properly denied. Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.