■ SHARON GERMAN, Respondent, v BRUINS TRANSPORTATION, INC., et al., Defendants, and SGS TRAVELSCOPE, INC., Appellant. (Action No. 1.) SALVATORE TURILLO, Respondent, v BRUINS TRANSPORTATION, INC., et al., Defendants, and SGS TRAVELSCOPE, INC., Appellant. (Action No. 2.) ABID HASSAN, Respondent, v BRUINS TRANSPORTATION, INC., et al., Defendants, and SGS TRAVELSCOPE, INC., Appellant. (Action No. 3.) MARIE SAGINOR et al., Respondents, v BRUINS TRANSPORTATION, INC., et al., Defendants, and SGS TRAVELSCOPE, INC., Appellant. (Action No. 4.) [708 NYS2d 331] —In four related actions, *inter alia,* to recover damages for personal injuries, the defendant SGS Travelscope, Inc., appeals from so much of an order of the Supreme Court, Kings County (Huttner, J.), entered May 26, 1999, as denied its motions to dismiss the complaints in all of the actions, insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Affidavits received on a motion to dismiss for failure to state a cause of action which has not been converted to a motion for summary judgment are not to be examined for the purpose of determining whether there is evidentiary support of the pleading" (*Hinrichs v Youssef,* 214 AD2d 604, 605; *Rovello v Orofino*

*Realty Co.,* 40 NY2d 633, 635; *see also, Methe v General Elec. Co.,* 169 AD2d 864; *Matter of FYM Clinical Lab. v Perales,* 147 AD2d 840, *affd sub nom. Matter of Medicon Diagnostic Labs. v Perales,* 74 NY2d 539; *Hornstein v Wolf,* 109 AD2d 129, *affd* 67 NY2d 721). Here, the Supreme Court did not convert the appellant's pre-answer motions to motions for summary judgment (*see,* CPLR 3211 [c]). Thus, the plaintiffs may not be penalized for failing to interpose evidentiary submissions (*see, Rich v Lefkovits,* 56 NY2d 276; *Rovello v Orofino Realty Co., supra*). Rather, accepting the plaintiffs' allegations as true, and giving them the benefit of every favorable inference (*see, IHC Servs. v Product Safety Mgt.,* 268 AD2d 559; *Taverna v Microchip Technology,* 268 AD2d 520; *Rhode v Port Washington Cinema Corp.,* 267 AD2d 444; *U.S. Ice Cream Corp. v Bizar,* 240 AD2d 654), the complaints state viable causes of action against the appellant.

The appellant's remaining contentions are without merit. Mangano, P. J., Bracken, S. Miller and Goldstein, JJ., concur.