■ ROBERT PLIS, Appellant, v NORTH BAY CADILLAC et al., Respondents. [773 NYS2d 451]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated September 27, 2002, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant North Bay Cadillac.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when he tripped over a chain used to secure the premises of the defendant North Bay Cadillac (hereinafter North Bay). The black heavy-link steel chain was 15 to 20 feet long, suspended between 3-foot tall posts, and sagged to 12 to 14 inches off the ground at its lowest point.

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against North Bay. The security chain was an open and obvious condition and was not inherently dangerous as a matter of law. Therefore, North Bay had no duty to warn of the condition and did not breach its duty to maintain its property in a reasonably safe condition (*see Gibbons v Lido & Point Lookout Fire Dist.*, 293 AD2d 646 [2002]; *Plessias v Scalia Home for Funerals*, 271 AD2d 423 [2000]; *cf. Cupo v Karfunkel*, 1 AD3d 48 [2003]). Altman, J.P., Goldstein, Crane and Mastro, JJ., concur.