■ Sun Ho Chung, Respondent, v Jeong Sook Joh et al., Appellants, et al., Defendant. [815 NYS2d 641]—

In an action to recover damages for personal injuries, the defendants Jeong Sook Joh, Shung-Peg Joh, and Bethel General Contracting, Inc., appeal, and the defendant Han Kook Gates separately appeals, from an order of the Supreme Court, Queens County (Weiss J.), dated April 5, 2005, which denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motions are granted, the complaint is dismissed insofar as asserted against the defendants Jeong Sook Joh,

Shung-Peg Joh, Bethel General Contracting, Inc., and Han Kook Gates, and the action against the remaining defendant is severed.

The plaintiff allegedly was injured when she tripped over yellow warning tape used to block off the sidewalk in front of a construction site as she was trying to cross the street to avoid the construction area. According to the plaintiff, the portion of the tape over which she tripped was stretched low to the ground and held beneath the tire of a van parked in the street.

The plaintiff commenced this action against, among others, the owner of the building where the construction was taking place, the general contractor, and a subcontractor (hereinafter collectively the defendants). The defendants' respective motions for summary judgment on the ground that the yellow warning tape was open and obvious and did not constitute a dangerous condition were denied.

Summary judgment should have been granted in favor of the defendants since they made a prima facie showing that the complained-of condition was both open and obvious, i.e., readily observable by those employing the reasonable use of their senses, and not inherently dangerous (*see Cupo v Karfunkel*, 1 AD3d 48, 49-53 [2003]). In opposition, the plaintiff presented no evidence sufficient to raise a triable issue of fact as to whether the yellow warning tape, even if placed low to the ground or partly obscured by a parked van, constituted a dangerous condition (*see e.g. Zimkind v Costco Wholesale Corp.*, 12 AD3d 593, 594 [2004]; *Plis v North Bay Cadillac*, 5 AD3d 578 [2004]; *Gibbons v Lido & Point Lookout Fire Dist.*, 293 AD2d 646, 647 [2002]; *Tresgallo v Danica*, 286 AD2d 326 [2001]; *Connor v Taylor Rental Ctr.*, 278 AD2d 270 [2000]). Accordingly, the Supreme Court should have granted the motions for summary judgment.

In light of our determination, we need not address the parties' remaining contentions. Prudenti, P.J., Santucci, Krausman and Dillon, JJ., concur.