■ Stephen Dinallo et al., Respondents, v DAL Electric et al., Appellants, et al., Defendants. (And a Third-Party Action.) [842 NYS2d 519]—

In an action to recover damages for personal injuries, etc., the defendant DAL Electric appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated July 29, 2006, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law § 200 insofar as asserted against it, and the defendant ThyssenKrupp Elevator separately appeals from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law § 200 insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the respective motions of the defendants DAL Electric and ThyssenKrupp Elevator which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law § 200 insofar as asserted against each of them are granted.

In support of their respective motions, the appellants made a prima facie showing of their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 323 [1986]). The appellants established that the "jack assembly" that the injured plaintiff tripped over, which had been set up at the construction site where he was working, and which he described as being three feet high, 30 inches wide, and 30 inches deep, was an open and obvious condition that was not inherently dangerous (*see Sun Ho Chung v Jeong Sook Joh,* 29 AD3d 677, 678 [2006]; *Greenstein v Realife Land Improvement, Inc.,* 13 AD3d 338, 339 [2004]). In response, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp., supra* at 323). Accordingly, the Supreme Court should have granted those branches of the appellants' motions which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law § 200 insofar as asserted against each of them. Mastro, J.P., Covello, McCarthy and Dickerson, JJ., concur.