■ Derek A. Thomas, Appellant, v Pleasantville Union Free School District et al., Respondents. [913 NYS2d 702]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered March 19, 2010, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On March 23, 2004, the then-12-year-old plaintiff, Derek A. Thomas, ran from his school cafeteria toward a field located on school grounds during his lunchtime recess. His chosen route took him to a staircase that led down to a short macadam path, which ended at a running track that encircled the field. He allegedly was injured when he ran into a rope strung between two stanchions across the intersection of the path with the running track, at a height of about four feet. The plaintiff testified at his deposition that, as he was running down the staircase, he turned to look back at a friend who was chasing him, and at that point

ran into the rope. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the rope which allegedly caused the plaintiff to fall was an open and obvious condition that was readily observable by the reasonable use of one's senses, and was not inherently dangerous (*see Neiderbach v 7-Eleven, Inc.*, 56 AD3d 632, 633 [2008]; *Badalbaeva v City of New York*, 55 AD3d 764 [2008]; *Pedersen v Kar, Ltd.*, 283 AD2d 625 [2001]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). There is no merit to the contention that the plaintiff's injury resulted from the defendants' negligence or inadequate supervision by an employee (*see Garry v Rockville Ctr. Union Free School Dist.*, 272 AD2d 438, 438 [2000]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dillon, Angiolillo and Austin, JJ., concur.