■ JOSEPH ULRICH et al., Respondents, v MOTOR PARKWAY PROPERTIES, LLC, et al., Appellants, and AUGUSIEWICZ EXCAVATING CORP., Respondent, et al., Defendant. [924 NYS2d 493]—

In an action to recover damages for personal injuries, etc., the defendants Motor Parkway Properties, LLC, and Mara Brothers Construction Co. appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated December 22, 2009, as denied those branches of their motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against Mara Brothers Construction Co., for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against Motor Parkway Properties, LLC, and Mara Brothers Construction Co., and for summary judgment on the cross claim of Mara Brothers Construction Co. against Augusiewicz Excavating Corp. for contractual indemnification.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants payable by the plaintiffs and the defendant Augusiewicz Excavating Corp., appearing separately and filing separate briefs, that branch of the appellants' motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against them is granted, that branch of their motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against the appellant Mara Brothers Construction Co. is granted, and that branch of their motion which was for summary judgment on the cross claim of the appellant Mara Brothers Construction Co. against the defendant Augusiewicz Excavating Corp. for contractual indemnification is granted.

The plaintiff Joseph Ulrich, a laborer for a masonry company, allegedly was injured while working at an excavation site. Construction of a new building was underway, and the excavation was complete. The plaintiff was bringing mortar from a mortar box to the bricklayer using a shovel. To reach the bricklayer, he had to walk down a slope of dirt, debris, and rock that had been created by the excavator, Augusiewicz Excavating Corp. (hereinafter Augusiewicz). The plaintiff testified at his deposition that the hill was about 6 feet high and about 10 feet long. The plaintiff testified that when he took the first step down the hill, the ground gave way, causing him to fall forward.

Eugene Augusiewicz, the principal of Augusiewicz, testified at

his deposition that the excavation was 10 feet at its deepest point, and that the slope of the hill at the excavation site was "one on one." This meant that where the excavation was 10 feet deep, the slope at that point was ten feet out from the foundation of the building. He testified that the angle of the slope was in accordance with OSHA guidelines. There was no call for shoring in the site plans, and no shoring was used.

The Supreme Court erred in denying that branch of the appellants' motion which was for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against Mara Brothers Construction Co. (hereinafter Mara Brothers), the general contractor at the work site. Mara Brothers established its entitlement to judgment as a matter of law by submitting deposition testimony which established that no defective or dangerous condition existed at the job site (see Bishop v Marsh, 59 AD3d 483 [2009]; Jackson v City of New York, 55 AD3d 546 [2008]; Brooks v Bostrom, 18 AD3d 594 [2005]; Hofmann v Toys "R" Us, NY Ltd. Partnership, 272 AD2d 296 [2000]). The plaintiffs failed to raise a triable issue of fact in opposition. There is no evidence in the record to contradict the testimony of Eugene Augusiewicz that the measurements of the slope were within OSHA guidelines and the guidelines set forth in table I of 12 NYCRR 23-4.2 and that the excavation did not require sheeting or shoring, or to otherwise indicate that the angle of the slope or a lack of sheeting or shoring constituted a dangerous condition. The plaintiff's own testimony indicates that the angle of the slope was within the guidelines set forth in table I of 12 NYCRR 23-4.2.

Furthermore, Mara Brothers established prima facie that the slope was an open and obvious condition that was readily observable by the reasonable use of one's senses, and was not inherently dangerous (see Thomas v Pleasantville Union Free School Dist., 79 AD3d 853 [2010], lv denied 16 NY3d 708 [2011]; Dinallo v DAL Elec., 43 AD3d 981 [2007]; Sun Ho Chung v Jeong Sook Joh, 29 AD3d 677 [2006]).

The Supreme Court also erred in denying that branch of the appellants' motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against them. The appellants established their prima facie entitlement to judgment as a matter of law on this cause of action. To establish liability under Labor Law § 241 (6), a plaintiff must demonstrate that his injuries were proximately caused by a violation of an Industrial Code provision mandating compliance with concrete specifications (see La Veglia v St. Francis Hosp., 78 AD3d 1123 [2010]; Pereira v Quogue Field Club of Quogue, Long Is., 71 AD3d 1104 [2010]).

The plaintiffs alleged violations of 12 NYCRR 23-1.5 (a); 23-4.1 (a) and (b) and 23-4.2 (a), (b), (d), (e) and (f). 12 NYCRR 23-1.5 (a) merely sets forth a general standard of care for employers, and thus cannot serve as a predicate for liability pursuant to Labor Law § 241 (6) (*see Pereira v Quogue Field Club of Quogue, Long Is.*, 71 AD3d 1104 [2010]; *Greenwood v Shearson, Lehman & Hutton*, 238 AD2d 311 [1997]; *Gordineer v County of Orange*, 205 AD2d 584 [1994]). 12 NYCRR 23-4.2 (d) and (e) are inapplicable to the facts here. As for 12 NYCRR 23-4.1 (a) and (b) and 23-4.2 (a), (b) and (f), the appellants established prima facie that they did not violate those provisions. The plaintiffs failed to raise a triable issue of fact in opposition.

Finally, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment on Mara Brothers' cross claim against Augusiewicz for contractual indemnification. The indemnification provision in the contract between Mara Brothers and Augusiewicz provides for indemnification when the claim arises out of Augusiewicz's work, even if Augusiewicz has not been negligent. Therefore, although there is no evidence of negligence on Augusiewicz's part, the indemnification agreement requires Augusiewicz to indemnify Mara Brothers (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 178 [1990]; *Tobio v Boston Props., Inc.*, 54 AD3d 1022 [2008]; *Walsh v Morse Diesel*, 143 AD2d 653 [1988]). The contractual indemnification provision does not violate General Obligations Law § 5-322.1, as it states that Augusiewicz is not required to indemnify Mara Brothers for Mara Brothers' own negligence. Skelos, J.P., Leventhal, Sgroi and Miller, JJ., concur.