■ SHANE STEINSVAAG, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [947 NYS2d 536]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered February 8, 2011, as granted those branches of the motion of the defendants City of New York, New York City Department of Education, and Leon D. DeMatteis Construction Corporation which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6) insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an apprentice carpenter, was assisting a coworker in carrying door bucks off a truck and into a construction site. While walking along a ramp that was wet from precipitation, the door buck that the plaintiff and his coworker were carrying struck the plaintiff in his right shoulder, allegedly resulting in personal injuries. The plaintiff, attributing the accident to his coworker having lost his grip on the door buck after slipping on the ramp, commenced this action alleging, among other things, common-law negligence and violations of Labor Law §§ 200 and 241 (6), the latter of which was predicated on a violation of 12 NYCRR 23-1.7 (d). The defendants City of New York, the New York City Department of Education, and Leon D. DeMatteis Construction Corporation (hereinafter collectively the defendants), moved, inter alia, for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6) insofar as asserted against them on the ground that, among other things, the plaintiff could not identify the cause of his coworker's slip without engaging in speculation.

In order for liability to be imposed for violations of the Labor Law and common-law negligence, the violations or negligence must be a proximate cause of the accident (see *McCormack v Universal Carpet & Upholstery Cleaners*, 29 AD3d 542, 544 [2006]; *Weingarten v Windsor Owners Corp.*, 5 AD3d 674, 676 [2004]). "Proximate cause may be established without direct evidence of causation, by inference from the circumstances of the accident; however, mere speculation as to the cause of an accident, when there could have been many possible causes, is fatal to a cause of action" (*Costantino v Webel*, 57 AD3d 472, 472 [2008]; see *Bolde v Borgata Hotel Casino & Spa*, 70 AD3d 617, 618 [2010]). Here, the defendants met their burden of establishing their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff could not establish that his coworker lost his grip on the door buck because he slipped on a wet ramp without relying on speculative or inadmissible hearsay evidence (see *Mallen v Farmingdale Lanes, LLC*, 89 AD3d 996, 997 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit submitted by the plaintiff in opposition to the defendants' motion, which contradicted his earlier deposition testimony, raised only a feigned issue of fact (see *Rivera v Glen Oaks Vil. Owners, Inc.*, 41 AD3d 817, 821 [2007]; *Stancil v Supermarkets Gen.*, 16 AD3d 402, 403 [2005]). Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6) insofar as asserted against them.

The plaintiff's remaining contention is academic in light of our determination. Balkin, J.P., Chambers, Hall and Austin, JJ., concur. **[Prior Case History: 2011 NY Slip Op 30425(U).]**