■ CAPSTONE ENTERPRISES OF PORT CHESTER, INC., Plaintiff/Second Third-Party Defendant/Counterclaim Defendant-Appellant, v BOARD OF EDUCATION IRVINGTON UNION FREE SCHOOL DISTRICT, Defendant/Third-Party Plaintiff. PETER GISOLFI ASSOCIATES, Third-Party Defendant/Second Third-Party Plaintiff-Respondent; JMOA ENGINEERING, P.C., et al., Third-Party Defendants/Counterclaim Plaintiffs-Respondents. (And Other Titles.) [965 NYS2d 564]—

In an action to recover damages for breach of contract, the plaintiff/second third-party defendant/counterclaim defendant, Capstone Enterprises of Port Chester, Inc., appeals from (1) an order of the Supreme Court, Westchester County (Smith, J.), dated May 6, 2010, which granted the motion of the third-party defendant/second third-party plaintiff, Peter Gisolfi Associates, for summary judgment on the cause of action in the second third-party complaint which was for contractual indemnification against it, and (2) an order of the same court dated October 27, 2010, which granted the separate motion of the third-party defendants/counterclaim plaintiffs JMOA Engineering, P.C., and Savin Engineers, P.C., for summary judgment on their counterclaim in the third-party action, denominated as a cross claim, which was for contractual indemnification against it.

Ordered that the order dated May 6, 2010, is modified, on the law, by deleting the provision thereof granting that branch of the motion of Peter Gisolfi Associates which was for summary judgment on the cause of action in the second third-party complaint against Capstone Enterprises of Port Chester, Inc., for contractual indemnification in connection with the cause of action in the third-party complaint asserted by the defendant third-party plaintiff, Board of Education Irvington Union Free School District, against Peter Gisolfi Associates to recover damages for architectural malpractice, and substituting therefor a provision denying that branch of the motion of Peter Gisolfi Associates; as so modified, the order dated May 6, 2010, is affirmed; and it is further,

Ordered that the order dated October 27, 2010, is affirmed; and it is further,

Ordered that one bill of costs is awarded to JMOA Engineer-

ing, P.C., and Savin Engineers, P.C., payable by Capstone Enterprises of Port Chester, Inc.

Capstone Enterprises of Port Chester, Inc. (hereinafter Capstone), was the heating, ventilation, and air conditioning (hereinafter HVAC) contractor on two construction projects for the Board of Education Irvington Union Free School District (hereinafter the District). Peter Gisolfi Associates (hereinafter PGA) was the architect on the projects. JMOA Engineering, P.C. (hereinafter JMOA), was the construction manager. During construction, JMOA issued notices to Capstone that the District was assuming responsibility for the completion of Capstone's work due to Capstone's defaults. Capstone then commenced this action against the District to recover unpaid contract sums.

The District commenced a third-party action against PGA, as well as JMOA and its successor in interest, Savin Engineers, P.C. (hereinafter together the JMOA defendants), alleging, inter alia, breach of contract and negligence. The third-party complaint alleged that PGA and the JMOA defendants undertook certain contractual responsibilities with regard to Capstone's work, including the obligation to endeavor to guard the District against defects and deficiencies in the work and to make sure the work generally conformed to contract documents. The third-party complaint further alleged that PGA breached its contract by failing to satisfy these obligations, and by issuing certifications of payment to Capstone for defective and incomplete work, failing to properly review and submit approvals made by or on behalf of Capstone, and failing to ensure that Capstone's work was free from defects and completed in a skillful, timely, and workmanlike manner. In addition, the third-party complaint alleged that the JMOA defendants similarly breached their contract by failing to protect the District against defects and deficiencies in Capstone's work, to properly monitor Capstone's performance to ensure timely completion in accordance with the contract documents, to notify PGA and the District if and when Capstone's work was contrary to the contract documents, to monitor Capstone's performance needed to correct defective work, to ensure the receipt and maintenance of certain documents by Capstone, and to properly receive and review Capstone's requisitions for progress payments. The District further asserted a third-party cause of action against PGA, alleging architectural malpractice based, in part, on PGA's alleged failure to provide proper and complete design plans and specifications for the HVAC system.

Instead of counterclaiming against Capstone, PGA commenced a second third-party action against Capstone, and

moved for summary judgment on the cause of action in the second third-party complaint against Capstone which was for contractual indemnification. The JMOA defendants separately moved for summary judgment on their counterclaim against Capstone for contractual indemnification, which was denominated as a cross claim against Capstone. The Supreme Court granted both motions. Capstone appeals.

The Supreme Court properly granted the JMOA defendants' motion for summary judgment on their counterclaim against Capstone for contractual indemnification. Section 3.18.1 of the General Conditions of the Contract, incorporated into both of Capstone's contracts with the District, provides that Capstone was obligated to indemnify the architect and construction manager, among others, from any claims, damages, losses, and expenses "arising out of or resulting from performance of the Work, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder." The JMOA defendants demonstrated that all of the District's third-party claims against them arose from Capstone's performance of its work. Accordingly, the JMOA defendants demonstrated their prima facie entitlement to judgment as a matter of law on their counterclaim for contractual indemnification against Capstone, regardless of whether the JMOA defendants breached their own duties to the District (*see Sherry v Wal-Mart Stores E., L.P.*, 67 AD3d 992, 995 [2009]), or whether Capstone is ultimately determined to have been at fault (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 178 [1990]; *Ulrich v Motor Parkway Props., LLC*, 84 AD3d 1221, 1224 [2011]). In opposition, Capstone failed to raise a triable issue of fact (*see Biance v Columbia Washington Ventures, LLC*, 12 AD3d 926, 928 [2004]).

For similar reasons, PGA demonstrated its prima facie entitlement to judgment as a matter of law on its cause of action in the second third-party complaint for contractual indemnification against Capstone in connection with any claims asserted against PGA that arose from Capstone's performance of its work. Since Capstone failed to raise a triable issue of fact in opposition to that showing, the Supreme Court properly granted that branch of PGA's motion which was for summary judgment on its cause of action in the second third-party complaint for contractual indemnification against Capstone in connection with those claims asserted against PGA that arose from Capstone's performance of its work. However, PGA did not establish its prima facie entitlement to judgment as a matter of law on its cause of action against Capstone for contractual indemnification in connection with the third-party architectural

malpractice cause of action asserted against PGA by the District. Since there remain triable issues of fact as to whether PGA's cause of action in the second third-party complaint against Capstone for contractual indemnification is one which arose solely out of Capstone's alleged failure to properly perform its work, or whether it arose, in part, from PGA's alleged failure to provide proper and complete design plans and specifications for the HVAC system, the Supreme Court should have denied that branch of PGA's motion which was for summary judgment on its cause of action in the second third-party complaint against Capstone for contractual indemnification in connection with the third-party architectural malpractice cause of action asserted against PGA by the District, without regard to the sufficiency of Capstone's opposition (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Capstone's remaining contentions are without merit. Mastro, J.P., Hall, Sgroi and Cohen, JJ., concur.