■ BILLY LeCOMPLES, Respondent, v MORE SPECIALIZED TRANSPORT, INC., et al., Defendants, and 590 MADISON AVENUE ASSOCIATES, L.P., Appellant. [40 NYS3d 276]—

In an action to recover damages for personal injuries, the defendant 590 Madison Avenue Associates, L.P., appeals from so much of an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered March 18, 2016, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant 590 Madison Avenue Associates, L.P., for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff allegedly tripped and fell when a bag that he was carrying became "caught" on rope that was connected to metal stanchions surrounding a tree exhibit in the atrium area of a building located at 590 Madison Avenue, in Manhattan. The building allegedly was owned by the defendant 590 Madison Avenue Associates, L.P. (hereinafter 590 Madison Avenue).

The plaintiff commenced this action against, among others, 590 Madison Avenue. Thereafter, 590 Madison Avenue moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that the subject metal stanchions and connecting rope were open and obvious, and not inherently dangerous. The Supreme Court denied 590 Madison Avenue's motion.

590 Madison Avenue met its prima facie burden by showing that the subject rope and stanchions, which were known to the plaintiff, were open and obvious, and not inherently dangerous (see Callen v Comsewogue School Dist., 95 AD3d 814 [2012]; Thomas v Pleasantville Union Free School Dist., 79 AD3d 853, 854 [2010]; Badalbaeva v City of New York, 55 AD3d 764, 765 [2008]; Sun Ho Chung v Jeong Sook Joh, 29 AD3d 677, 678 [2006]; Plis v North Bay Cadillac, 5 AD3d 578 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted 590 Madison Avenue's motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Leventhal, Roman and LaSalle, JJ., concur.