DiSanto v Spahiu (2019 NY Slip Op 01194)





DiSanto v Spahiu


2019 NY Slip Op 01194


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2016-09825
 (Index No. 100437/12)

[*1]Andrew DiSanto, appellant, 
v
Bledar Spahiu, respondent, et al., defendants (and a third-party action).


Friedman Sanchez, LLP (Paul D. Creinis, Brooklyn, NY, of counsel), for appellant.
Koster, Brady & Nagler, LLP, New York, NY (William Gagas of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated July 15, 2016. The order, insofar as appealed from, granted those branches of the motion of the defendant Bledar Spahiu which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by him when he slipped and fell from the back of a truck that he was using to make deliveries to a construction site located at 69 Kensington Avenue in Staten Island (hereinafter the subject construction site).
At an examination before trial, the plaintiff testified that, on the date of the accident, he made several deliveries to other construction sites before he parked the truck on the street near the subject construction site. The plaintiff testified that he observed an oily substance on the street in front of the subject construction site.
The plaintiff testified that, after parking the truck, he walked onto the subject construction site and made his delivery. There was dirt and sand "all over the place" at the subject construction site, and the plaintiff could not avoid walking over it. The plaintiff testified further that he did not recall seeing oil on the subject construction site.
After he delivered the materials to the subject construction site, the plaintiff returned to the truck. The plaintiff testified that he climbed into the bed of the truck to retrieve an invoice. He retrieved the invoice and, just before he attempted to descend a ladder on the side of the truck, he slipped off the tailgate of the truck and fell about four feet to the street below. After he fell, the plaintiff noticed oil on the tread of his right boot. The plaintiff testified further that he also observed dirt and sand in the tread of his right boot.
The plaintiff commenced this action against, among others, Bledar Spahiu, the [*2]individual who owned the premises where the subject construction site was located. In an amended complaint, the plaintiff asserted, among other things, causes of action alleging common-law negligence and violation of Labor Law § 200.
Spahiu moved for summary judgment dismissing the amended complaint insofar as asserted against him. In the order appealed from, the Supreme Court, inter alia, granted those branches of Spahiu's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against him. The plaintiff appeals from those parts of the order.
"Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Ortega v Puccia, 57 AD3d 54, 60). Where, as here, the plaintiff alleges the existence of dangerous or defective premises conditions at a work site, "property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (id. at 61). However, liability may not be imposed where the condition on the property was, as a matter of law, an open and obvious one that was readily observable by the reasonable use of one's senses, and not inherently dangerous (see Ulrich v Motor Parkway Props., LLC, 84 AD3d 1221, 1223).
Furthermore, in order for liability to be imposed for violations of Labor Law § 200(1) and common-law negligence, "the violations or negligence must be a proximate cause of the accident" (Steinsvaag v City of New York, 96 AD3d 932, 933; see Weingarten v Windsor Owners Corp., 5 AD3d 674, 676-677; Misirlakis v East Coast Entertainment Props., 297 AD2d 312, 312). "Proximate cause may be established without direct evidence of causation, by inference from the circumstances of the accident; however, mere speculation as to the cause of an accident, when there could have been many possible causes, is fatal to a cause of action" (Costantino v Webel, 57 AD3d 472, 472; see Steinsvaag v City of New York, 96 AD3d at 933).
Here, Spahiu demonstrated, prima facie, that the sand and dirt that was present on the subject construction site was an open and obvious condition that was readily observable by the reasonable use of one's senses, and which was not inherently dangerous (see Ulrich v Motor Parkway Props., LLC, 84 AD3d at 1223; Dinallo v DAL Elec., 43 AD3d 981, 982; see also Thomas v Pleasantville Union Free School Dist., 79 AD3d 853, 854; Sun Ho Chung v Jeong Sook Joh, 29 AD3d 677, 678). Spahiu further demonstrated, prima facie, that the plaintiff was unable to identify the source of the materials on his boot, or the cause of his fall, without engaging in speculation (see Steinsvaag v City of New York, 96 AD3d at 933; Bolde v Borgata Hotel Casino & Spa, 70 AD3d 617, 618; Costantino v Webel, 57 AD3d at 472).
In opposition to Spahiu's prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff submitted an affidavit in opposition to the motion, in which he stated that it was the dirt and sand on his boots which caused him to fall, and that the dirt and sand came from the subject construction site. The plaintiff's affidavit was speculative and insufficient to raise a triable issue of fact. In addition, the plaintiff's challenge to the admissibility of certain deposition transcripts submitted by Spahiu in support of his motion is not properly before this Court because the plaintiff failed to raise that issue before the Supreme Court (see Weingarten v St. Vincent's Hosp. & Med. Ctr., 148 AD3d 1211, 1212). Accordingly, we agree with the Supreme Court's granting of those branches of Spahiu's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against him.
In light of the foregoing, we need not reach the parties' remaining contentions.
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court