Sneed v Fulton Park Four Assoc., L.P. (2021 NY Slip Op 01797)





Sneed v Fulton Park Four Assoc., L.P.


2021 NY Slip Op 01797


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-00543
 (Index No. 13116/15)

[*1]Lee Sneed, appellant, 
v
Fulton Park Four Associates, L.P., et al., respondents.


Krentsel & Guzman, LLP, New York, NY (Marcia K. Raicus of counsel), for appellant.
Segal McCambridge Singer & Mahoney, Ltd., New York, NY (Carla Varriale of counsel), for respondents Fulton Park Four Associates, L.P., Vertices Holdings, LLC, Abraham J. Hoffman, and Shinda Management Corp.
Gallo Vitucci Klar LLP, New York, NY (Ava Maynard of counsel), for respondent NY Allied Asphalt Paving, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated September 26, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants Fulton Park Four Associates, L.P., Vertices Holdings, LLC, and Abraham J. Hoffman, which was for summary judgment dismissing the complaint insofar as asserted against the defendants Fulton Park Four Associates, L.P., and Vertices Holdings, LLC, and, on consent, granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Abraham J. Hoffman, and granted those branches of the separate motions of the defendant Shinda Management Corp., and the defendant NY Allied Asphalt Paving, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendants Fulton Park Four Associates, L.P., Vertices Holding, LLC, and Abraham J. Hoffman, which was for summary judgment dismissing the complaint insofar as asserted against the defendant Abraham J. Hoffman is dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.
The plaintiff allegedly tripped and fell on a chain which was suspended approximately four to five inches above the ground between two posts. At the time of the accident, the sun was shining and there was no precipitation. After the accident, the plaintiff commenced this action against the defendants, alleging, inter alia, that they owned the premises on which the chain was located. The defendants Fulton Park Four Associates, L.P., Vertices Holdings, LLC, and Abraham J. Hoffman moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them, and the defendant NY Allied Asphalt Paving, Inc., and the defendant Shinda [*2]Management Corp. separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. After the plaintiff consented to an award of summary judgment dismissing the complaint insofar as asserted against Hoffman, the Supreme Court granted the remaining defendants' motions on the grounds, inter alia, that the suspended chain was open and obvious and not inherently dangerous.
A property owner has a duty to maintain its premises in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241). However, there is no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous (see Lazic v Trump Vil. Section 3, Inc., 134 AD3d 776; Barone v Risi, 128 AD3d 874; Varon v New York City Dept. of Educ., 123 AD3d 810, 811; Cupo v Karfunkel, 1 AD3d 48, 52). Here, it was established, prima facie, that the presence of the chain was open and obvious and not inherently dangerous (see Callen v Comsewogue School Dist., 95 AD3d 814; Plis v North Bay Cadillac, 5 AD3d 578). In opposition, the plaintiff failed to raise a triable issue of fact.
We further note that the plaintiff does not challenge the alternative grounds cited by the Supreme Court for awarding summary judgment dismissing the complaint insofar as asserted against Fulton Park Four Associates, L.P., and NY Allied Asphalt Paving, Inc.
Accordingly, the Supreme Court properly granted that branch of the motion of Fulton Park Four Associates, L.P., Vertices Holdings, LLC, and Hoffman, which was for summary judgment dismissing the complaint insofar as asserted against Fulton Park Four Associates, L.P., and Vertices Holdings, LLC, and, those branches of the separate motions of Shinda Management Corp., and NY Allied Asphalt Paving, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court