Morrissette v Kismat Indian Rest., Inc. (2021 NY Slip Op 04220)





Morrissette v Kismat Indian Rest., Inc.


2021 NY Slip Op 04220


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2020-02076
 (Index No. 503693/18)

[*1]William Morrissette, appellant, 
v
Kismat Indian Restaurant, Inc., respondent.


James Greenberg, P.C., New York, NY (James K. Greenberg and Ran Mukherjee of counsel), for appellant.
Hoffman Roth & Matlin, LLP, New York, NY (Joshua R. Hoffman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated January 22, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On October 27, 2017, at approximately 10:00 p.m., the plaintiff attempted to walk between two planters separating the outdoor seating area of the defendant's restaurant from the rest of the sidewalk when his left foot allegedly tripped over a rope strung between the planters. The plaintiff alleged that he did not see the rope prior to the accident.
The plaintiff subsequently commenced this action against the defendant to recover damages for personal injuries. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the rope used to connect the planters was open and obvious and not inherently dangerous. The Supreme Court granted the motion, and the plaintiff appeals.
While a possessor of real property has a duty to maintain its premises in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241), there is no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous (see Sneed v Fulton Park Four Assoc., L.P., 192 AD3d 1058; Cupo v Karfunkel, 1 AD3d 48, 52). Here, the defendant established, prima facie, that the rope suspended between the planters was open and obvious and not inherently dangerous (see Sneed v Fulton Park Four Assoc., L.P., 192 AD3d at 1059; LeComples v More Specialized Transp., Inc., 144 AD3d 757, 758; Lazic v Trump Vil. Section 3, Inc., 134 AD3d 776; Callen v Comsewogue School Dist., 95 AD3d 814; Thomas v Pleasantville Union Free School Dist., 79 AD3d 853; Plis v North Bay Cadillac, 5 AD3d 578). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., BRATHWAITE NELSON, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court