Hallahan v City of New York (2022 NY Slip Op 04791)

Hallahan v City of New York

2022 NY Slip Op 04791

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
ROBERT J. MILLER, JJ.

2021-03067
 (Index No. 158255/17)

[*1]Gerard Hallahan, appellant, 
v
City of New York, et al., respondents.

Lipsig, Shapey, Manus & Moverman, P.C. (Alan M. Shapey and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jeremy W. Shweder and Kate Fletcher of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, New York County (Lyle E. Frank, J.), dated April 8, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint. By decision and order of the Appellate Division, First Department, entered April 29, 2021, this appeal was transferred to this Court for hearing and determination (see NY Const, Art VI, § 4[i]).
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly tripped and fell while attempting to step over a velvet rope strung across a staircase located in the lobby of the courthouse at the Appellate Division, First Department (hereinafter the courthouse). The courthouse is owned and maintained by the defendants.
The plaintiff subsequently commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. By order dated April 8, 2020, the Supreme Court granted the defendants' motion. The plaintiff appeals.
While a possessor of real property has a duty to maintain its premises in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241), there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous (see Sneed v Fulton Park Four Assoc., L.P., 192 AD3d 1058, 1059; Boyd v New York City Hous. Auth., 105 AD3d 542, 543; Cupo v Karfunkel, 1 AD3d 48, 52). Here, the defendants established, prima facie, that the alleged defect was open and obvious and not inherently dangerous (see Sneed v Fulton Park Four Assoc., L.P., 192 AD3d at 1059; Faulkner v Effective Sec. Sys., 230 AD2d 627, 628). In opposition, the plaintiff failed to raise a triable issue of fact (see Chtchannikova v City of New York, 174 AD3d 572, 573-574; Gover v Mastic Beach Prop. Owners Assn., 57 AD3d 729, 731).
Moreover, the plaintiff's contention that the defendants' motion for summary judgment should have been denied as premature is without merit (see Mauro v City of New York, 204 [*2]AD3d 777; 1375 Equities Corp. v Buildgreen Solutions, LLC, 120 AD3d 783, 784; Santana v Danco Inc., 115 AD3d 560).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DUFFY, J.P., BRATHWAITE NELSON, IANNACCI and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court